UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:16-CV-01348 CDP |
| v. ) | |
| ) | |
| ARMOR COATINGS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR DEFAULT ORDER TO COMPEL AN ACCOUNTING

This matter is before the Court on Plaintiffs' Motion for Default Order to Compel an Accounting. Plaintiffs bring this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132. Defendants were served with the summons and complaint on September 4, 2016 and to date have not entered an appearance or filed any other responsive pleading. On October 3, 2016, the Clerk's entry of default was entered. (Doc. No. 8). Plaintiffs now seek an order compelling Defendants to submit to a payroll audit and, thereafter, a judgment for contributions and damages owed.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs have moved this Court for an order compelling Defendants to submit to an audit so that Plaintiffs can determine the amounts allegedly owed.

Defendant Armor Coatings is a party to a collective bargaining agreement with Plaintiff Painters District Council No. 58. Under the terms of the collective bargaining agreement, Armor Coatings was obligated to submit fringe benefits, dues remissions, contributions, and weekly reports on hours worked to Plaintiffs. Armor Coatings is delinquent in submitting reports,

contributions and dues remissions. Under the terms of the collective bargaining agreement to which Armor Coatings is a party, Plaintiffs are authorized to conduct an examination of Armor Coatings' financial records.

Plaintiffs seek an order compelling Defendants to submit to Plaintiffs' its individual compensation records, payroll registers, payroll journals, time-cards, federal and state tax forms, W-2 forms and 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefit records and reports, job cost records, general ledger with cash disbursements and supporting documents, accounts receivables, invoices, and check stubs for the period of October 31, 2012, through the present date for a payroll accounting. Absent this accounting, Plaintiffs are unable to determine the precise amount of damages owed.

ERISA authorizes this Court to grant equitable relief such as an accounting in an action for delinquent contributions. 29 U.S.C. § 1132(g)(2)(E). Moreover, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Armor Coatings, Inc., Michelle Baker, and Dennis Baker shall submit to a financial examination for the period **October 31, 2012, to date** within thirty (30) days of this Court's order.

**IT IS FURTHER ORDERED** that Defendants' failure to comply with this Order may result in sanctions.

3/20/17

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE